IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: **HECTOR LUIS BERDECIA ROMAN**<br>SSN xxx-xx-6731<br>**MARGARET JANETTE PAGAN ROSARIO**<br>SSN xxx-xx-3148<br>Debtor(s) | CASE NO: **18-00066-MAG**<br><br>Chapter 13 |

### TRUSTEE'S OBJECTION TO PROPOSED POST CONFIRMATION PLAN MODIFICATION UNDER SECTION 1329

*ATTORNEY FEES AS PER R 2016(b) STATEMENT:

Attorney of Record: **MARIA E VICENS RIVERA***

Total Agreed: **$3,500.00**    Paid Pre-Petition: **$350.00**    Outstanding (Through the Plan): **$0.00**

*TRUSTEE'S POSITION RE CONFIRMATION UNDER U.S.C. §1329

Debtor's/s' Commitment Period: ☐ Under Median Income 36 months   ☑ Above Median Income 60 months §1325(b)(1)(B)
Projected Disposable Income: **$0.00**

Liquidation Value: **$0.00**    Estimated Priority Debt: **$707.13**

If the estate were liquidated under Chapter 7, nonpriority unsecured claims would be paid approximately $0.00

With respect to the Proposed "PCM": Dated **06/27/2022**   (Dkt  87)    Plan Base: **$19864.00**

The Trustee:   ☐ DOES NOT OBJECT   ☑ OBJECTS  Plan Confirmation   Gen. Uns. Approx. Dist.:0%

The Trustee objects to confirmation for the following reasons:

[1325(a)(3)] Plan NOT proposed in good faith.

Trustee objects the proposed plan to reduce the distribution of the general unsecured claims following debtors significantly increase of income.

More than a year ago, Debtor, Héctor Berdecía had an increase of income and failed to inform it in the schedules. Per Debtors 2021 tax return, Berdecía's gross income was $189,756.00. Now, the Debtors are proposing the modification of the plan without explaining the substantial and unanticipated change in his post-confirmation financial condition to reduce the number of payments, eliminate any distribution for the general unsecured creditors and complete the plan.

When a plan is modified under § 1329, the Debtors' modified plan, among other requirements, must be proposed in good faith under §1325(a)(3). In re Barbosa, 236 B.R. 540, 552 (Bankr. D. Mass. 1999), aff'd sub nom. Barbosa v. Solomon, 243 B.R. 562 (D. Mass. 2000), aff'd, 235 F.3d 31 (1st Cir. 2000).

Debtors' intention to modify the plan to reduce the number of monthly payment, eliminate any distribution for the general unsecured claim to obtain the broad discharge afforded by § 1328(a) without submitting all their disposable income is a bad faith manipulation of the Bankruptcy Code.

Furthermore, the Debtors are not submitting all their disposable income to for the payment of creditors, inasmuch as they are only reporting $2,063.27 of net income, when in reality they are receiving almost four time said amount. The Trustee based the unfavorable report in In Re Flores, 735 F. 3d 855 (9th Cir. 2013) and Hamilton v. Lanning, 550 560 U.S. 505 (2010) ("Lanning").

In order to evaluate Debtor's income, the Trustee hereby request the bank account statements for the

period of January 2022 through June 2022. Also, the Trustee hereby request evidence of income of received during the period of January 2022 through June 2022.

[1325(a)(6)] Insufficiently Funded – Plan funding insufficient to pay 100% of [507] priority claims. [1322(d)(1)]

- The plan is insufficiently funded to pay in full the priority claim filed by the Internal Revenue Service. The plan is paying only 99% of the claim.

**NOTICE**
**14 day notice**: Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**CERTIFICATE OF SERVICE**: The Chapter 13 Trustee herewith certifies that a copy of this motion has been served via first class mail on the same date it is filed to: the DEBTOR(S), and to her/his/their attorney throught CM-ECF notification system.

/s/ Jose R. Carrion, Esq.
CHAPTER 13 TRUSTEE
PO Box 9023884, San Juan PR 00902-3884
Tel. (787)977-3535 Fax (787)977-3550

Date: June 30, 2022

/s/ Mayra Arguelles, Esq.

Last Docket Verified: 87    Last Claim Verified: 10 (5 AM)    CMC: